Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, PC**
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 98.42.130.181,<br><br>Defendant. | Case No.: 3:22-cv-03328-SI<br><br>**DISCOVERY MATTER**<br><br>***EX-PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

1

*Ex-Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Strike 3 Holdings, LLC will and hereby does apply to the Court *ex parte* for leave to issue a third-party subpoena on Defendant's Internet Service Provider to identify Defendant prior to a Fed. R. Civ. P. 26(f) conference.

This application is based upon: the Memorandum of Points and Authorities; the concurrently-attached Declarations of David Williamson; Patrick Paige; Susan B. Stalzer, and Emilie Kennedy; upon all pleadings and evidence on file in this matter; and upon such additional evidence or arguments as may be accepted by the Court.

Date: 06/30/2022                         Respectfully submitted,

                                         By: /s/ *Lincoln Bandlow*
                                         Lincoln Bandlow, Esq.
                                         **Law Offices of Lincoln Bandlow, P.C.**

                                         *Attorney for Plaintiff*
                                         Strike 3 Holdings, LLC

2

1

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................................. 1

II.  FACTS ................................................................................................................ 2

   A.  BitTorrent Infringement has a Serious and Damaging Impact on Strike 3 ............... 2

   B.  Plaintiff Brings Its Litigation in Good Faith .................................................... 3

III. ARGUMENT ...................................................................................................... 4

   A.  Legal Standard Governing Expedited Discovery Requests

      To Identify An Anonymous Defendant ........................................................... 4

   B.  There Is Good Cause for this Court to Grant Plaintiff's

      Application for Leave to Serve Its Subpoena .................................................... 5

     1.  Plaintiff's Complaint Makes A Prima Facie Claim for

        Direct Copyright Infringement ............................................................ 5

     2.  There Is No Other Way to Uncover Doe Defendant's True Identity ................. 6

     3.  There Exists a Real and Significant Risk that Absent Early Discovery, Doe

        Defendant's ISP Will Destroy Logs Containing Doe's Identity ...................... 7

     4.  Plaintiff Identifies Doe Defendant with Sufficient Specificity ..................... 8

        a.  Plaintiff has Sufficiently Demonstrated that the Infringement Conducted Using

           the Relevant IP Address was Committed by an Actual Person ................. 8

        b.  Plaintiff Traced Doe Defendant's IP Address to this Court's Geographic

           Jurisdiction Using Geolocation Technology ........................................ 8

     5.  Plaintiff Has Identified All Previous Steps Taken to Locate the Unknown Doe

        Defendant ..................................................................................... 10

     6.  Plaintiff's Complaint Could Withstand a Motion to Dismiss ..................... 10

     7.  There is a Reasonable Likelihood that Plaintiff Can Identify the Defendant and

        Effectuate Service ........................................................................... 12

     8.  Plaintiff's Subpoena is Reasonably and Narrowly Tailored to Only Seek Doe

        Defendant's Identity ........................................................................ 12

i

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1

C.  Protective Order ........................................................................................... 13

IV.   CONCLUSION .......................................................................................... 13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

# **TABLE OF AUTHORITIES**

**Cases**

*808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*,

   2012 WL 1648838 (S.D. Cal. May 4, 2012) ........................................................................ 8

*A&M Records, Inc. v. Napster, Inc.*,

   239 F.3d 1004, 1013 (9th Cir. 2001 ................................................................................... 5

*AF Holdings LLC v. Doe*,

   No. CV 12-04447 RMW, 2012 WL 12973140 (N.D. Cal. Nov. 6, 2012) .............................. 9

*Ashcroft v. Iqbal*,

   556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) .................................. 11

*Assef v. Does 1-10*,

   No. 15-CV-01960-MEJ, 2015 WL 3430241 (N.D. Cal. May 28, 2015) ................................ 6

*Bell Atl. Corp. v. Twombly*,

   550 U.S. 544, 570 (2007) .................................................................................................. 11

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,

   881 F.3d 293, 299 (4th Cir. 2018) .................................................................................... 6

*Brayton Purcell LLP v. Recordon & Recordon*,

   606 F.3d 1124, 1126 (9th Cir. 2010) ................................................................................ 11

*Cell Film Holdings, LLC v. Doe*,

   No. CV 16-2584-BEN (BLM), 2016 WL 6523432 (S.D. Cal. Nov. 3, 2016) ......................... 9

*Cobbler Nevada, LLC v. Doe-68.8.213.203*,

   No. CV 15-2729-GPC (JMA), 2015 WL 9026554 (S.D. Cal. Dec. 15, 2015) ....................... 10

*Columbia Ins. Co. v. seescandy.com*,

   185 F.R.D. 573, 579–80 (N.D. Cal. 1999) ....................................................................... 9, 10

*Criminal Prods., Inc. v. Doe*,

   No. CV 16-02353-DMS-MDD, 2016 WL 6070355 (S.D. Cal. Oct. 17, 2016) ..................... 11

iii

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

*Criminal Prods., Inc. v. Doe*,

   No. CV 16-2589 WQH (JLB), 2016 WL 6822186 (S.D. Cal. Nov. 18, 2016) ........................ 9

*Dallas Buyers Club LLC v. Doe-69.181.52.57*,

   No. CV 16-01164-JSC, 2016 WL 4259116 (N.D. Cal. Aug. 12, 2016)................................. 12

*Diabolic Video Prods., Inc. v. Does 1-2099*,

   No. 10-CV-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011) ................................... 6

*Digital Sin, Inc. v. Does 1-176*,

   279 F.R.D. 239, 242 (S.D.N.Y. 2012) ................................................................................. 1

*Digital Sin, Inc. v. Does 1-5698*,

   No. CV 11-04397 LB, 2011 WL 5362068 (N.D. Cal. Nov. 4, 2011) ................................... 12

*Distinct Media Ltd. v. Doe Defendants 1-50*,

   No. CV 15-03312 NC, 2015 WL 13389609 (N.D. Cal. Sept. 29, 2015).............................. 4, 8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

   499 U.S. 340, 361 (1991)................................................................................................... 5

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,

   139 S. Ct. 881, 203 L. Ed. 2d 147 (2019) ........................................................................... 5

*Fox Broad. Co., Inc. v. Dish Network L.L.C.*,

   747 F.3d 1060, 1067 (9th Cir. 2013) .................................................................................. 5

*G.N. Iheaku & Co. Ltd. v. Does 1-3*,

   No. CV 14-02069 LB, 2014 WL 2759075 (N.D. Cal. June 17, 2014) ................................... 8

*Gillespie v. Civiletti*,

   629 F.2d 637, 642 (9th Cir. 1980) ...................................................................................... 4

*Hard Drive Prods., Inc. v. Does 1-90*,

   No. CV 11-03825 HRL, 2012 WL 1094653 (N.D. Cal. Mar. 30, 2012)................................. 4

*Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183 (S.D. Cal. Oct.

   25, 2016) ......................................................................................................................... 8, 9

*Patrick Collins v. John Does 1–54*,

iv

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

2012 U.S. Dist. LEXIS 3623 2 (D. Ariz. Mar. 19, 2012) ........................................................... 4

*Perfect 10, Inc. v. Giganews, Inc.*,

   847 F.3d 657, 666 (9th Cir. 2017) ...................................................................................... 5, 6

*Semitool*,

   208 F.R.D. at 276.................................................................................................................... 7

*Strike 3 Holdings, LLC v. Doe*,

   329 F.R.D. 518, 520 (S.D.N.Y. 2019) .................................................................................. 6

*Strike 3 Holdings, LLC v. Doe*,

   No. CV 17-07051-LB, 2018 WL 357287 (N.D. Cal. Jan. 10, 2018)...................................... 4

*Strike 3 Holdings, LLC v. Doe*,

   No. 18-12585 (NLH)(JS), 2020 WL 3567282 (D.N.J. June 30, 2020) ................................. 4

*Strike 3 Holdings, LLC v. Doe*,

   No. CV 19-00160-EMC, 2019 WL 591459 (N.D. Cal. Feb. 13, 2019) ................................. 9

*Strike 3 Holdings, LLC v. Doe*,

   No. CV 19-01666-LB, 2019 WL 1865928 (N.D. Cal. Apr. 25, 2019).................................... 5

*Strike 3 Holdings*,

   No. CV 19-00727-LB, 2019 WL 1118121 at *3 ................................................................ 6, 8

*UMG Recordings, Inc. v. Doe*,

   No. CV 08-1193 SBA, 2008 WL 4104214 (N.D. Cal. Sept. 3, 2008) .............................. 4, 12

*United States v. Richardson*,

   No. CR 4:11-3116, 2012 WL 10382 (D. Neb. Jan. 3, 2012) ................................................ 9

*United States v. Tillotson*,

   No. CR 2:08-33, 2008 WL 5140773 (E.D. Tenn. Dec. 2, 2008)........................................... 9

*World Digital Rights, Inc. v. John Does 1-80*,

   No. CV 2:12 -225-FTM, 2012 WL 1623871 (M.D. Fla. May 9, 2012) ................................. 7

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

**Statutes**

17 U.S.C. § 106(1).................................................................................................. 6

17 U.S.C. § 410(c) .................................................................................................. 5

28 U.S.C. § 1331 .................................................................................................... 10

28 U.S.C. § 1338 .................................................................................................... 10

28 U.S.C. § 1391(b) and (c) .................................................................................. 11

28 U.S.C. § 1400(a)............................................................................................... 11

**Other Authorities**

American Registry for Internet Numbers Number Resource Policy Manual at 4.2, available at

   https://www.arin.net/about_us/overview.html........................................................ 15

**Rules**

Fed. R. Civ. P. 26(d)(1) ............................................................................................ 1

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Strike 3 Holdings, LLC ("Strike 3") hereby respectfully submits this Memorandum of Points and Authorities in support of its *Ex-Parte* Application for leave to serve a third-party subpoena prior to a Rule 26(f) conference.

### I.   INTRODUCTION

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale.  Indeed, Strike 3's motion pictures are among the most infringed content in the world.  *See* Declaration of David Williamson, ("Williamson Decl."), attached hereto as Exhibit "A."

Strike 3, using its proprietary forensic software, VXN Scan ("VXN"), monitored and detected the infringement of Strike 3's content.  *See id.* at ¶ 40.  VXN discovered that Defendant's IP address was illegally distributing a large number of Strike 3's motion pictures. *See* Declaration of Patrick Paige, attached hereto as Exhibit "B".  This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. *Id*. at ¶ 22. To investigate the infringement, Plaintiff needs the subscriber's identity, which is maintained by the ISP, but the ISP cannot disclose that information unless authorized to do so by a court order.  *See* 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure[.]").  As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, Comcast Cable (Comcast Cable) so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service.  Further impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1   (S.D.N.Y. 2012) ("[E]xpedited discovery is necessary to prevent the requested data from being

2   lost forever as part of routine deletions by the ISPs.").

3       Accordingly, Strike 3 hereby seeks leave of Court to serve a Rule 45 subpoena on

4   Defendant's ISP.  This subpoena will only demand the true name and address of Defendant.

5   Strike 3 will only use this information to prosecute the claims made in its Complaint.  Without

6   this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its

7   copyrights.

8   **II.    FACTS**

9       **A.    BitTorrent Infringement has a Serious and Damaging Impact on Strike 3**

10      Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*,

11  *Tushy*, and *Vixen* adult brands (the "Brands"), including the copyrights to each of the motion

12  pictures distributed through the Brands' sites and the trademarks to each of the Brand's names

13  and logos.  Williamson Decl.  at ¶ 13.  Strike 3 is owned entirely by General Media Systems

14  ("GMS") and has existed since 2015.  *Id.*

15      Although it started out small, the Brands' websites now host approximately 15 million

16  visitors each month.  *Id.* at ¶ 14.  This success is no fluke.  Strike 3's philosophy has always

17  been to pay artists and models an amount above that being paid by other companies, focusing

18  on delivering superior quality films.  *Id.* at ¶¶ 15–17.  Moreover, Strike 3's motion pictures are

19  known for having some of the highest production budgets of any in the adult industry.  *Id.* at

20  ¶ 19.

21      Because of this commitment to quality, the websites for the Brands have a subscriber

22  base that is one of the highest of any adult sites in the world.  *Id.* at ¶ 20.  Strike 3 is also

23  currently the number one seller of adult DVDs in the United States.  *Id.* at ¶ 21.  Finally, Strike

24  3's content is licensed throughout the world, including by most major cable networks.  *Id.* at ¶

25  22.  This success has also been marked by Strike 3 winning numerous awards, such as "adult

26  site of the year," "best marketing campaign – company image," and "best cinematography."  *Id.*

27  at ¶ 23.

28                                       2

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3.  To continue to provide value for members, exciting and inspiring projects for adult performers, and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights.  *Id.* at ¶ 39.

### B.   Strike 3 Brings Its Litigation in Good Faith

Strike 3 is mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy.  Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone that is innocent.  *Id.* at ¶ 33.  Therefore, Strike 3 only files strong cases against extreme infringers.  *Id.* at ¶ 34.  Indeed, each lawsuit is brought against infringers who not only engage in illegal downloading, but are also large-scale unauthorized distributors of Strike 3's content.  *Id.*  Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel.  *Id.* at ¶ 35.  Additionally, Strike 3 does not send demand letters.  *Id.*  Finally, although certainly Strike 3 does not believe anyone should be embarrassed about their interest in viewing Strike 3's works (they just need to pay for that right, not steal it), Strike 3 respects the desire of defendants to keep private their choices regarding the content they choose to enjoy.  Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants to the entry of orders in litigation to maintain the confidentiality of a defendant's identity.  Thus, Strike 3 is careful to only proceed to litigation with strong cases, when it has a good faith basis for doing so, and to enforce its rights in a way that is mindful and protective of a defendant's privacy interests.

Strike 3 is a successful adult entertainment company that makes nearly the entirety of its revenue from sales of subscriptions, DVDs and licenses.  *Id.* at ¶ 37.  Strike 3's goal is to deter piracy (and seek redress for its harmful consequences) and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works.  *Id.*

3

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

III.   **ARGUMENT**

    A.   **Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant**

"In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a *prima facie* showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. CV 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (citations omitted).  As the Ninth Circuit has noted with unknown defendants, "plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Courts in the Ninth Circuit also consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Hard Drive Prods., Inc. v. Does 1-90*, No. CV 11-03825 HRL, 2012 WL 1094653, at *2 (N.D. Cal. Mar. 30, 2012) (citing *Patrick Collins v. John Does 1–54,* 2012 U.S. Dist. LEXIS 3623 2, *8 (D. Ariz. Mar. 19, 2012)); *accord Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15-03312 NC, 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015) (collecting cases). "[T]here is no prejudice where the discovery request is narrowly tailored to only seek [Doe Defendant's] identity." *UMG Recordings, Inc.*, No. CV 08-1193 SBA, 2008 WL 4104214 at *4; *see also Strike 3 Holdings, LLC v. Doe*, No. 18-12585 (NLH)(JS), 2020 WL 3567282 (D.N.J. June 30, 2020). As a result, "Courts routinely find the balance favors granting a plaintiff leave to take early discovery." *Id.*; *see also Strike 3 Holdings, LLC v. Doe*, No. CV 17-07051-LB, 2018 WL 357287, at *2 (N.D. Cal. Jan. 10, 2018) ("Strike 3 Holdings has made a sufficient

4

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1  showing under each of the four *seescandy* factors listed above to establish good cause to permit

2  it to engage in early discovery to identify the Doe defendant.").

3        **B.**    **There Is Good Cause for this Court to Grant Strike 3's Application for**

4              **Leave to Serve Its Subpoena**

5              **1.**    *Strike 3's Complaint Makes A Prima Facie Claim for Direct Copyright*

6                  *Infringement*

7        "Strike 3 Holdings has sufficiently alleged a prima facie claim for copyright

8  infringement." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-01666-LB, 2019 WL 1865928, at *3

9  (N.D. Cal. Apr. 25, 2019). To make a prima facie claim for copyright infringement, Strike 3

10  must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the

11  work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "In

12  addition, direct infringement requires the plaintiff to show causation (also referred to as

13  'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666

14  (9th Cir. 2017) (citing *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th

15  Cir. 2013)).

16        Strike 3's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works,

17  which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the

18  constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point

19  in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works,

20  expressly or otherwise." *See* Complaint at ¶¶ 35–37.

21        Strike 3 owns a valid copyright in the Works, which are registered with the United

22  States Copyright Office. *See* Complaint at ¶¶ 31–33; *see also* 17 U.S.C. § 410(c); *Fourth Estate*

23  *Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147 (2019). Strike

24  3's prima facie allegations of infringement are attested to by Plaintiff's investigator, David

25  Williamson. *See* Williamson Decl. Finally, each digital file has been verified to be a copy of

26  one of Plaintiff's copyrighted works. *See* concurrently-filed Declaration of Susan B. Stalzer.

27

28                              5

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

Strike 3 has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Strike 3's Complaint alleges that Doe Defendant not only downloaded Strike 3's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also* Complaint at ¶ 38.  Additionally, by downloading the torrent files, Defendant triggered a cascade of technical operations, making Defendant the "proximate cause" of all of the violations of Plaintiff's copyrights.  *Giganews, Inc.*, 847 F.3d at 666. Hence, this factor favors Plaintiff's application for leave to take early discovery.

### 2.    There Is No Other Way to Uncover Doe Defendant's True Identity

Strike 3 has a limited view into Defendant's identity because "BitTorrent has allowed users to share files anonymously with other users . . . ." *Diabolic Video Prods., Inc. v. Does 1-2099*, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011).  "At this time, Plaintiff is only able to identify John Doe with reference to his or her IP address.  Once supplied with the date and time of the alleged infringement, ISPs are able to use their subscriber logs to identify the particular individual associated with the IP address." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (citation omitted).  The only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant's ISP.  *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's identity.").  Accordingly, subpoenaing Defendant's ISP for the identifying information is the only way Plaintiff can determine who the subscriber is.   There is simply no alternative means by which Plaintiff can identify Doe Defendant absent the present subpoena.  As a result, "Strike 3 Holdings has shown that the discovery it seeks is reasonably likely to lead to identifying information that will permit service of process on the Doe defendant." *Strike 3 Holdings*, No. CV 19-00727-LB, 2019 WL 1118121 at *3.

Indeed, "[p]ostponing disclosure of information until the normal course of discovery is not an option in the instant case because, without disclosure of Defendants' names and contact information, the litigation cannot proceed to that stage." *Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2015 WL 3430241, at *2 (N.D. Cal. May 28, 2015) (citing *UMG Recordings*, 2006 WL 1343597 at *1) (citing *Semitool*, 208 F.R.D. at 276). Therefore "expedited discovery is appropriate because the addresses can assist in the identification of Doe defendants." *Id.* (collecting cases).

### 3.      There Exists a Real and Significant Risk that Absent Early Discovery, Doe Defendant's ISP Will Destroy Logs Containing Doe's Identity

"[T]here is a chance that the ISPs will destroy the logs needed by Plaintiff." *World Digital Rights, Inc. v. John Does 1-80*, No. CV 2:12 -225-FTM, 2012 WL 1623871, at *2 (M.D. Fla. May 9, 2012). This risk is due to ISP's internal policies to only retain such data for a limited period of time, *see id.* (finding that "in general, the data retention policies of ISPs for information sufficient to correlate an IP address to a subscriber is a very limited amount of time"), combined with the absence of any uniform, statutory obligation to retain such relevant data for a long period of time. The less stringent nature of the online regulatory landscape, along with the ephemeral nature of the ISP's data and data retention policies, makes expedited discovery appropriate.

This Court aptly summarized the dilemma:

> [E]xpedited discovery is appropriate because ISPs typically retain user activity logs for only a limited period, ranging from as short as a few days to a few months, before erasing data. If the information is not disclosed before it is destroyed, Plaintiffs will forever lose their opportunity to pursue infringement claims against the people associated with these IP addresses.

*UMG Recordings, Inc. v. Does 1-4*, No. CV 06-0652 SBA (EMC), 2006 WL 1343597, at *1 (N.D. Cal. Mar. 6, 2006) (citation omitted). Plaintiff's subpoena would not only give Strike 3 the opportunity to uncover Doe Defendant's identity, it would enable the ISP to preserve the relevant data. This accomplishes two goals: preventing the ISP from inadvertently destroying

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

relevant data and allowing Plaintiff the opportunity to properly serve Doe Defendant in furtherance of protecting its copyrights.

### 4.   Strike 3 Identifies Doe Defendant with Sufficient Specificity

Next "the Court examines whether the plaintiff has identified the defendants with sufficient specificity, demonstrating that each defendant is a real person or entity who would be subject to the Court's jurisdiction." *Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15-03312 NC, 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015) (citation omitted). This factor implies two questions: whether the infringement can be traced back to an actual person and whether this Court has personal jurisdiction over that individual.

### a.   Strike 3 has Sufficiently Demonstrated that the Infringing Conducted Using the Relevant IP Address was Committed by an Actual Person

"A plaintiff may show that a defendant is a real person or entity by providing evidence of 'specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process.'" *Id.* (quoting *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. CV 14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014)). Although the BitTorrent protocol contains some default and automatic functions, none of these operations can take place without human interaction.  That is, but for the Doe Defendant directing his or her BitTorrent client to download the torrent file, the alleged infringement would not have occurred.  "These facts indicate that the Doe defendant is an identifiable adult who likely is the primary subscriber of the IP address or someone who resides with and is known to the subscriber." *Strike 3 Holdings*, No. CV 19-00727-LB, 2019 WL 1118121 at *2.

### b.   Strike 3 Traced Doe Defendant's IP Address to this Court's Geographic Jurisdiction Using Geolocation Technology

"[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of

8

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1  origin." *Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC (JMA), 2016 WL 6216183, at *2

2  (S.D. Cal. Oct. 25, 2016) (quoting *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing*

3  *Hash*, 2012 WL 1648838, at *4 (S.D. Cal. May 4, 2012)).  Here, Strike 3 used Maxmind, a

4  geolocation technology, to trace Defendant's IP Address to a geographic area within this

5  Court's personal jurisdiction.  *See* concurrently-filed Declaration of Emilie Kennedy.  This

6  establishes "a prima facie showing of personal jurisdiction over defendant." *AF Holdings LLC*

7  *v. Doe*, No. CV 12-04447 RMW, 2012 WL 12973140, at *2 (N.D. Cal. Nov. 6, 2012); *see*

8  *Strike 3 Holdings, LLC v. Doe*, No. CV 19-00160-EMC, 2019 WL 591459, at *2 (N.D. Cal.

9  Feb. 13, 2019).

10         Sister courts have accepted Maxmind's findings for the purpose of allowing expedited

11  discovery.  *See e.g.*, *Cell Film Holdings, LLC v. Doe*, No. CV 16-2584-BEN (BLM), 2016 WL

12  6523432, at *2 n.2 (S.D. Cal. Nov. 3, 2016), *Criminal Prods., Inc. v. Doe-*, No. CV 16-2589

13  WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) ("The Court concludes that

14  based on the timing of the IP address tracing efforts employed by Plaintiff's investigator, the

15  documented success of the Maxmind geolocation service, and Plaintiff's counsel's efforts to

16  independently verify the location information provided by Plaintiff's investigator, Plaintiff has

17  met its evidentiary burden [that jurisdiction is proper].").  Indeed, federal law enforcement relies

18  on Maxmind for its cyber investigations.  *See e.g., United States v. Tillotson*, No. CR 8-33, 2008

19  WL 5140773, at *6 (E.D. Tenn. Dec. 2, 2008) (Department of Justice*); United States v.*

20  *Richardson*, No. CR 11-3116, 2012 WL 10382, at *2 (D. Neb. Jan. 3, 2012), *report and*

21  *recommendation adopted*, No. CR 4:11-3116, 2012 WL 395509 (D. Neb. Feb. 7, 2012) (Federal

22  Bureau of Investigation); *see also* Complaint at ¶ 9.  Since Strike 3 has demonstrated that the

23  infringer is an actual person, and because Strike 3 correlated this IP address with a location

24  within this Court's jurisdiction using proven and reliable geolocation technology, this factor

25  favors expedited discovery.

26

27

28                                            9

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1

2

### 5.  *Strike 3 Has Identified All Previous Steps Taken to Locate the*
### *Unknown Doe Defendant*

3

"Next, Plaintiff must identify all previous steps taken to identify the Doe Defendant in a

4   good faith effort to locate and serve it."  *Malibu Media, LLC v. Doe*, No. CV 16-1916-GPC

5   (JMA), 2016 WL 6216183, at *2 (S.D. Cal. Oct. 25, 2016) (citing *Columbia Ins. Co.*, 185

6   F.R.D. at 579).

7

Strike 3 has diligently attempted to correlate Defendant's IP address to Defendant by

8   searching for Defendant's IP address on various web search tools, including basic search

9   engines like www.google.com.  Strike 3 has further conducted its own diligent research on its

10   ability to identify Defendant by other means by reviewing numerous sources of authority, most

11   of which have been discussed above (*e.g.*, legislative reports, agency websites, informational

12   technology guides, governing case law, etc.).  Strike 3 has also discussed the issue at length

13   with computer investigators and cyber security consultants.  Strike 3 has been unable to identify

14   any other way to go about obtaining the identities of its infringers and does not know how else it

15   could possibly enforce its copyrights from illegal piracy over the Internet.  "This is the case

16   because although publicly available data allowed Plaintiff to identify the specific ISP used by

17   Defendant as well as the city associated with the IP address, it did not permit Plaintiff to

18   ascertain the identity of the subscriber or actual defendant. Accordingly, [Strike 3] appears to

19   have investigated and obtained the data pertaining to the alleged infringement in a good faith

20   effort to locate Defendant." *Cobbler Nevada, LLC v. Doe-68.8.213.203*, No. CV 15-2729-GPC

21   (JMA), 2015 WL 9026554, at *2 (S.D. Cal. Dec. 15, 2015).

22

### 6.  *Strike 3's Complaint Could Withstand a Motion to Dismiss*

23

Finally Strike 3's Complaint could and would withstand a motion to dismiss.  This

24   factor acts as a gatekeeper designed to "prevent abuse of this extraordinary application of the

25   discovery process and to ensure that plaintiff has standing to pursue an action against

26   defendant."  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579–80 (N.D. Cal. 1999)

27   (citation omitted).

28                                              10

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1    As this is an action for copyright infringement, this Court has subject matter jurisdiction

2    pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over

3    copyright actions).  *See* Complaint at ¶ 7.  This Court also has personal jurisdiction over Doe

4    Defendant because the Defendant's infringement took place within the geographic scope of this

5    Court's jurisdiction, *supra* Section B.4.b., and Defendant also likely resides within this District

6    or at least has substantial contacts with this District.  *See* Complaint ¶¶ 8–9. Venue is

7    appropriate pursuant to 28 U.S.C. § 1391(b) and (c) as well as 28 U.S.C. § 1400(a) (venue for

8    copyright cases).  *See* Complaint ¶ 10; *see also Brayton Purcell LLP v. Recordon & Recordon*,

9    606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow

10   venue in any judicial district where, if treated as a separate state, the defendant would be subject

11   to personal jurisdiction").

12   Finally, "[t]o survive a motion to dismiss [for failure to state a claim upon which relief

13   can be granted], a complaint must contain sufficient factual matter, accepted as true, to 'state a

14   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

15   1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

16   (2007)).  Strike 3's Complaint could and would survive such a motion.  As discussed

17   previously, Plaintiff has pleaded a prima facie claim for copyright infringement.  Strike 3 owns

18   the copyrights in question and has demonstrated Doe Defendant infringed several of its

19   copyrights by downloading Strike 3's works using BitTorrent protocol.  *Supra* B.1; *see*

20   *Criminal Prods., Inc. v. Doe*, No. CV 16-02353-DMS-MDD, 2016 WL 6070355, at *3 (S.D.

21   Cal. Oct. 17, 2016) (accepting a similar prima facie case as satisfying this factor). Indeed, "a

22   court could reasonably infer that someone with prolonged, continuous access to this IP address

23   was responsible for the alleged infringement." *Strike 3 Holdings, LLC v. Doe*, No. 18-7188,

24   2020 WL 3967836, at *6, 8 (D.C. Cir. July 14, 2020) (reversing dismissal for failure to state a

25   claim).

26

27

28

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1

### 7. *There is a Reasonable Likelihood that Strike 3 Can Identify the*

2

### *Defendant and Effectuate Service*

3

Strike 3's knows that Comcast Cable is the owner of Defendant's IP address because

4

Maxmind's geolocation service has identified Comcast Cable as the owner.  Moreover, the

5

American Registry for Internet Numbers ("ARIN") identifies Comcast Cable as the owner of

6

the IP address.[1]  *See also* concurrently-filed Declaration of Susan B. Stalzer. ARIN is a

7

nonprofit, member-based organization, responsible for the management and distribution of IP

8

addresses across most of North America, including all of the United States.[2]

9

The subpoena seeks Doe Defendant's name and address, which are currently unknown

10

to Plaintiff.  With Defendant's identity, Strike 3 will be able to amend its complaint to name

11

Doe Defendant and with said name and address, will be able to serve a summons upon

12

Defendant pursuant to Fed. R. Civ. P. 4(a) and (e) (requiring Plaintiff to name the Defendant

13

and effectuate service on that individual). Without the subpoenaed for information, Strike 3

14

cannot properly serve Doe Defendant because it does not know his or her identity.

15

### 8. *Strike 3's Subpoena is Reasonably and Narrowly Tailored to Only Seek*

16

### *Doe Defendant's Identity*

17

Strike 3 only seeks limited information so that it can identify and serve Doe Defendant.[3]

18

"[T]here is no prejudice to the Doe Defendant in granting the requested early discovery because

19

it 'is narrowly tailored to seek only their identity.'" *Dallas Buyers Club LLC v. Doe-*

20

*69.181.52.57*, No. CV 16-01164-JSC, 2016 WL 4259116, at *3 (N.D. Cal. Aug. 12, 2016)

21

(quoting *UMG Recordings, Inc. v. Doe*, No. CV 08-1193 SBA, 2008 WL 4104214 (N.D. Cal.

22

Sept. 3, 2008)). "[G]ranting Plaintiff . . . early discovery to identify the Doe Defendant appears

23

to be the only way to advance this litigation." *Id.*

24

―――――――――――――

25

[1] https://whois.arin.net/

[2] https://www.arin.net/about_us/overview.html

26

[3] As set forth in Section II(B) above, Strike 3 has a policy to, upon request, allow defendants to proceed

anonymously in these cases.  Moreover, as set forth in Section III(C) below, Strike 3 does not oppose courts at the

27

outset putting in place orders to protect a defendant's privacy interests.  Thus, if Strike 3 does decide to proceed in

this matter with the filing of an amended complaint, it would most likely being done so under seal pursuant to an

order issued on request by the defendant or based on an order already in place by the Court, as suggested below.

28

12

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C.     Protective Order

In BitTorrent cases involving adult content, courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously.  *See e.g.*, *Strike 3 Holdings*, No. CV 17-07051-LB, 2018 WL 357287 at *3–4 (issuing a protective order to allow the defendants to remain pseudonymous)).  As set forth above, Strike 3 agrees and this comports with Strike 3's policy of respecting privacy in these matters.  Thus, should the Court find such procedures to be appropriate, Strike 3 would not oppose them being established in this action and in fact welcomes the procedures.

### CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests this Court grant to Plaintiff leave to issue a Rule 45 subpoena to Defendant's ISP.

Date: 06/30/2022

LAW OFFICES OF LINCOLN BANDLOW, PC

Respectfully submitted,

By: _____
Lincoln Bandlow, Esq.
LAW OFFICES OF LINCOLN BANDLOW, PC

*Attorney for Plaintiff*
Strike 3 Holdings, LLC

13

Memorandum of Points and Authorities in Support of Plaintiff's *Ex-Parte* Application
for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:22-cv-03328-SI